Filed 4/2/15  P. v. Smith CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KELVIN D. SMITH,<br><br>    Defendant and Appellant. | B254089<br><br>(Los Angeles County<br>Super. Ct. No. TA128748) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Sean D. Coen, Judge.  Affirmed as modified, with directions.

Sunnie L. Daniels, under appointment by the Court of Appeal, for Defendant and Appellant.

No response by Respondent.

_____

On April 3, 2012, Kelvin Smith appeared in the backyard of his estranged wife, Linda Smith, from whom he had been separated since 1991, and began harassing some contractors. He left only after sheriff's deputies arrived and told him to go.

On May 1, 2012, Smith confronted Linda Smith as she returned home and began pounding on her car window. Their adult son intervened, leading to a scuffle where Smith struck his son with a cane. Smith grabbed Linda Smith's cell phone when she tried to call 911, shoved her against a truck, and ran off with the phone. A sheriff's deputy later arrived and obtained an emergency protective order. Smith returned to the house that night, yelled at his wife to come outside, and threatened his son. A sheriff's deputy responded to a call about a possible burglary, arrested Smith, and served him with the emergency protective order.

On May 10, 2012, the court issued a domestic violence restraining order commanding Smith to stay at least 100 yards away from his son and Linda Smith and to have no contact with them for three years.

On November 7, 2012, Smith was waiting for Linda Smith as she arrived home and forced her inside her house. Bags of feces were on and around the porch. Smith, who smelled of alcohol, shouted that he had been waiting hours for her and accused her of being with another man. He said he would kill her if he caught her with someone else. Smith pushed and slapped Linda Smith, ripped her blouse, and scratched her chest. When she tried to call for help, Smith took away her cell phone again. Her legs were bruised, her face was swollen, and she had a red mark on her eye.

One week later, as Linda Smith sat in her parked car outside of church, Smith entered and apologized for the previous incident. Smith approached Linda Smith at church again two more times, warning that he would kill her if he caught her with another man. In February 2013, Smith approached Linda Smith as she waited at a grocery store checkout line and began to bag her groceries. He asked her to go home with him, and when she refused he threatened to shove her into the store's glass cigarette case. He once more grabbed her cell phone and ran off.

On April 4, 2013 Smith walked into an optometry office where Linda Smith was waiting for an appointment. Smith told her he hoped she would die and again threatened to kill her if he found her with another man. When Linda Smith mentioned the restraining order, Smith said it was worthless and left. She called 911 and a sheriff's deputy took a report. On April 10, 2013, Linda Smith and her son spotted Smith trying to enter their back yard. The son physically detained Smith until sheriff's deputies arrived, at which time Smith was arrested for violating the restraining order.

Smith was charged with violating a restraining order, making criminal threats, and stalking. The information alleged four prior convictions under the Three Strikes law, two of which also required a state prison sentence under Penal Code section 1170, subdivision (h)(3).

Smith represented himself at trial. Dora Lee Smith, Smith's elderly mother, testified on his behalf. Smith lived with his mother. According to her, she drove Smith to Linda Smith's house on May 1, 2012, and saw her grandson attack Smith without provocation. Smith asked her to return Linda Smith's cell phone. Linda Smith still came to visit her son two or three times a week and would sometimes stay over in Smith's motor home. On November 7, 2012, she drove her other son to retrieve Smith's motor home, which was parked near Linda Smith's house. According to the mother, she retrieved the keys from Linda Smith, who did not appear to have any injuries. In March 2013 she drove Smith to the same grocery store where he later encountered Linda Smith. In April 2013, Smith took a bus to his insurance company, which was located near the office of Linda Smith's optometrist.

The jury acquitted Smith of the criminal threats charge, found him guilty of stalking and violating a restraining order, and found true all the prior conviction allegations. The trial court dismissed one of the Three Strikes allegations, and noted that a Three Strikes sentence was not available because the current offenses were not serious or violent. It then imposed a combined state prison sentence of six years.

Smith filed a notice of appeal. On September 24, 2014, his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no

3

issues were raised.  The brief included a declaration from counsel that she had reviewed the record and had sent Smith a letter advising him that such a brief would be filed and that he could file a supplemental brief if he chose to.  That same day this court sent Smith a letter advising him that a *Wende* brief had been filed and that he had 30 days to submit a brief raising any issues he wanted us to consider.  Smith asked for and was granted an extension of time to do so, but he did not file a supplemental brief.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issues exist.  (*Smith v. Robbins* (2000) 528 U.S. 259; *Wende, supra,* 25 Cal.3d 436.)

Our review of the record reveals one clerical error, however.  Although Smith was convicted of stalking and sentenced pursuant to Penal Code section 646.9, subdivision (a), the abstract of judgment states that he was convicted under subdivision (b) of that section, which imposes a higher sentencing range where the stalking occurred while a restraining order was in place.  We will modify the judgment to reflect the true facts.

## DISPOSITION

The judgment is modified to state that Smith was convicted of stalking under Penal Code section 646.9, subdivision (a).  The superior court is directed to modify the abstract of judgment accordingly and send a corrected copy to the Department of Corrections and Rehabilitation.  The judgment as modified is affirmed.


                                    RUBIN, ACTING P. J.
WE CONCUR:



        FLIER, J.                                      GRIMES, J.


4